KEATY, Judge.
| defendants appeal from a judgment in favor of Plaintiffs reinstating Plaintiffs as commissioners of the Housing Authority of the City of Lafayette (HACL). Defendants further appeal from a judgment in favor of Plaintiffs declaring Defendant, Joey Durel (Durel), elected City-Parish President of the Lafayette City-Parish Consolidated Government, in contempt of .court for his decision to remove Plaintiffs as commissioners of the HACL. Plaintiffs answer the appeal. For the following reasons, we reverse.
FACTS AND PROCEDURAL BACKGROUND
On August 27, 2010, Plaintiffs, John Freeman (Freeman), Joseph Dennis (Dennis), and Leon Simmons (Simmons),[1] were removed by Durel from their positions as commissioners of the HACL for “neglect of duty,” which is one of the statutory grounds for removal under La.R.S. 40:587. The removal letters referenced irregularities noted in the audited financial reports for the HACL. Plaintiffs timely requested an appeal with the Lafayette City-Parish Council (Council).. Following a hearing on Plaintiffs’ appeal on September 21, 2010, the Council sustained Plaintiffs’ removal.
Plaintiffs subsequently filed a “Petition for Injunctive Relief, Writ of Mandamus and Declaratory Judgment” in the Fifteenth Judicial District Court against Defendants, the Council, and Durel, in his official capacity as City-Parish President, to appeal their removals and to prohibit Durel from áppointing new commissioners in the interim. That suit was assigned to Docket Number 2010-6284 (Suit Number 1). Plaintiffs amended the foregoing suit to seek a temporary restraining order, which was denied.
|¡A hearing was held on October 12, 2010, whereby the trial court reversed the removal and immediately reinstated the three commissioners, finding that the action of Durel was arbitrary and capricious for not removing another, fourth, commissioner for the same reasons. Judgment was signed on October 27, 2010. Neither Plaintiffs nor Defendants appealed the order, and it became final.
Freeman, Dennis, and Simmons, in their capacity as commissioners, held a special board meeting of the HACL on October 26, 2010. The “Minutes of Special Board *645 Meeting of the Housing Authority of the City of Lafayette” state that the meeting was “called to order and on roll call the following members of the board were present: Commissioners: Joseph Dennis, Leon Simmons, and John Freeman.” The minutes also show that Dan Rodriguez and Cheryl Williams, representatives of the United States Department of Housing and Urban Development (HUD), were also present.
Freeman, Dennis, and Simmons were the only commissioners present during this meeting and allegedly removed or excluded the public and media from a portion of their meeting. Durel, thereafter, issued another removal letter to Plaintiffs on November 19, 2010, citing both “neglect of duty” and “misconduct in office” arising out of Plaintiffs’ alleged exclusion of the public from a portion of their public meeting, along with other violations of the Louisiana Open Meetings Law. See La.R.S. 42:16; La.R.S. 42:17. This November 19, 2010 removal letter was based upon alleged conduct which occurred after the immediate reinstatement of Plaintiffs as commissioners by the trial court on October 12, 2010.
Plaintiffs appealed their November 19, 2010 removal to the Council. The Council affirmed the November 19, 2010 removal on March 1, 2011. At that point, Plaintiffs did not file a separate suit appealing their removal. Rather, Plaintiffs filed a “Motion for Contempt of Court Against Defendants, Reinstatement of | sMovers, and Stay of Action to Remove” in Suit Number 1. The motion sought to have Durel held “in contempt of court” along with substantive relief in terms of reinstatement and a stay of the November 19, 2010 removal order.
Hearing on this motion was initially scheduled for March 11, 2011, and was ultimately rescheduled due to the inability to timely serve Defendants. Defendants filed a Motion for Continuance and/or Stay, objecting to the lack of service of the motion on all Defendants and challenging Plaintiffs’ failure to comply with the applicable codal and civil rules regarding the filing and allotment of cases. Defendants also filed a Motion to Dismiss based upon Plaintiffs’ alleged failure to comply with filing and random allotment rules. That motion was denied, sua sponte, without a hearing. Finally, Defendants filed a dilatory exception of “Improper Cumulation of Actions,” which was also denied.
Plaintiffs subsequently filed a separate “Petition for Appeal of Lafayette City Council March 1, 2011 Decision” on March 29, 2011, which was assigned Docket Number 2011-1843 (Suit Number 2) and allotted to a different judge than the judge presiding over Suit Number 1. On March 31, 2011, Plaintiffs filed and had signed by the trial court in Suit Number 2, ex parte, an order consolidating Suit Number 2 with Suit Number 1. The consolidation was signed in Suit Number 2 before Defendants were served with the suit and before Defendants filed any responsive pleadings. On March 28, 2011, three days prior to the consolidation, HUD issued a notice of default to the HACL.
Hearing on the consolidated cases was set for October 31, 2011. On October 20, 2011, Defendants filed a “Supplemental Brief Regarding Exceptions, Reinstatement and Contempt Hearing” which raised issues of lack of jurisdiction over the March 7, 2011 Petition for Reinstatement filed in Suit Number 1, the preemption or mootness of Plaintiffs’ claims based on the HUD takeover, and the | improper consolidation of Suit Number 2 with Suit Number 1. On October 25, 2011, Defendants filed a “Peremptory Exception of Failure to Join Indispensable Party” based upon the March 2011 HUD takeover of the HACL.
*646 The trial court denied the peremptory exception without hearing. Thereafter, at the October 31, 2011 hearing, the trial court refused to address Defendants’ procedural objections, including the improper consolidation of the two cases and the issue of the HUD takeover.
After reviewing the record from the March 1, 2011 Council hearing, along with testimony from Durel, the trial court ruled that Plaintiffs were entitled to reinstatement. The trial court further held that Durel had engaged in contempt of court, fined him $258, and ordered him to serve fifteen days in the parish jail, with the jail time to be suspended if he performed eight hours of community service.
Defendants now appeal the propriety of the trial court’s reinstatement of the three commissioners of the HACL and the trial court’s holding that Durel was in contempt of court for his decision to remove these three commissioners on November 19, 2010.
LAW
Plaintiffs are protected by the procedural safeguards granted by La.R.S. 40:587, entitled “Removal of commissioners,” which provides, in pertinent part:
A. (1) A commissioner of a local housing authority may be removed for neglect of duty, misconduct in office, or conviction of any felony.
(2) A commissioner of a local housing authority in any municipality or parish may be removed on any such grounds by the chief elected official of the municipality or parish appointing the commissioner, or if no chief elected official exists, then by the governing body thereof.
[[Image here]]
Is(4) A commissioner of a regional or consolidated housing authority may be removed on any such grounds by the governing body of the municipality or parish that originally appointed the commissioner.
B. The chief elected official or the governing body of the municipality or parish, as the case may be, which seeks to remove a commissioner shall send a notice of removal to such commissioner, which notice shall set forth the charges against him or her. Unless, within ten days from the receipt of such notice, such commissioner files with the clerk or secretary of the municipality’s or parish’s governing body a request for a hearing before the governing body, the commissioner shall be deemed removed from office. If a request for hearing is so filed, the governing body of the municipality or parish, as the case may be, shall hold a hearing, not sooner than ten days subsequent to the date a hearing is requested, at which the commissioner shall have the right to appear in person or by counsel and the governing body shall determine whether the removal shall be upheld. If the removal is not upheld by the governing body, the commissioner shall continue to hold his or her office.
The Council and Durel complied with the mandate of La.R.S. 40:5S7(B) when Durel sent notice to Plaintiffs on November 19, 2010, and when the Council afforded a hearing on March 1, 2011 to review Durel’s action in removing Plaintiffs for a second time.
In reviewing the administrative actions of a governmental body, the function of the trial court is to serve as a court of judicial review, and the trial court cannot substitute its opinion for that of the governmental body absent a finding of arbitrary, capricious action. Tanner v. City of Baton Rouge, 422 So.2d 1263 (La.App. 1 Cir.1982), writ denied, 429 So.2d 128 (La. 1983). “The trial court applies the mani *647 fest error standard of review in reviewing the facts as found by an administrative tribunal; the trial court applies the arbitrary and capricious test in reviewing the administrative tribunal’s conclusions and its exercise of discretion.” Women’s and Children’s Hosp. v. State Dep’t of Health and Hosps., 07-1157, p. 8 (La.App. 1 Cir. 2/8/08), 984 So.2d 760, 766, writ granted, 08-946 (La.6/27/08), 983 So.2d 1287, affirmed, 08-946 (La.1/21/09), 2 So.3d 397. Unless the record |6contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed. Almerico v. Harahan Mun. Fire and Police Civil Serv. Bd., 07-502 (La.App. 5 Cir. 11/27/07), 973 So.2d 799, writ denied, 07-2494 (La.2/22/08), 976 So.2d 1287.
The trial court found that the decision made by the Council on March 1, 2011, was improper and reversed the Council's decision affirming Durel’s second removal of Plaintiffs. “On review, we must scrupulously examine the record to determine, not whether the conclusion reached by the trial judge was right or wrong, but whether his conclusion was reasonable in light of the evidence and testimony adduced at trial.” Thomas v. Evangeline Parish Sch. Bd., 98-1458, p. 6 (La.App. 3 Cir. 3/24/99), 733 So.2d 102, 106, writ denied, 99-1056 (La.6/4/99), 744 So.2d 626.
DISCUSSION
The main issues for appeal are the propriety of the trial court’s reinstatement of three commissioners of the HACL and the trial court’s holding that Durel was in contempt of court for his decision to remove these commissioners for a second time.

Propriety of the Trial Court’s Reinstatement

As previously mentioned, Plaintiffs were initially removed from their position as commissioners of the HACL for “neglect of duty” on August 27, 2010. Plaintiffs were subsequently reinstated by the trial court by judgment dated October 27, 2010. Since. that judgment was not appealed by either side and became final, the following analysis deals solely with the propriety of the trial court’s reinstatement of Plaintiffs following their subsequent removal from office on November 19, 2010.
l7The record shows that Durel issued a second removal letter to Plaintiffs on November 19, 2010, citing both “neglect of duty” and “misconduct in office” arising out of Plaintiffs’ actions during their October 26, 2010 board meeting. In the letter, Durel alleged, amongst other things, the following:
2. Prior to going into Executive Session, you did not call for a vote as explicitly required by the Open Meetings Law. La. R.S. 42:16.
3. The purpose for which you went into Executive Session was verbally stated to be to discuss “personnel issues.” While the Open Meetings Law permits an Executive Session to consider and discuss the “character, professional competence, ... of a person,” an Executive Session for such purposes may only be held if
(a) it is disclosed on the agenda and
(b) the person(s) to be discussed are given twenty-four (24) hours’ notice prior to the holding of the meeting. Neither of these statutory requirements took place. La. R.S. 42:17.
4. After holding the Executive Session, you did not vote to go back into open session. La. R.S. 42:16.
In Louisiana, courts should not interfere with the exercise of a mayor’s discretion in the absence of a clear showing of illegality or abuse, and there is a presumption of validity unless the contrary is clearly shown. LaFleur v. Roberts, 157 So.2d *648 840 (La.App. 3 Cir.1968). Thus, the issue on appeal is whether there was substantial evidence supporting Durel’s decision to remove the Plaintiffs as commissioners of the HACL on November 19, 2010.
The “Minutes Of Special Board Meeting Of The Housing Authority Of The City Of Lafayette,” dated October 26, 2010, and contained in the record, show that the only commissioners present were Plaintiffs Freeman, Dennis, and Simmons. There is conflicting evidence and testimony regarding whether an executive session was actually held during the October 26, 2010 meeting. Nevertheless, the’ minutes reflect that there was an executive session but are void of any record of Plaintiffs voting on the question of holding an executive session and the reasons |Rfor holding an executive session.[2] The minutes are further void of any record of Plaintiffs voting on going back into open session after holding the executive session.
The record contains the minutes of the March 1, 2011 Council meeting wherein Plaintiffs’ appeals were heard regarding their conduct which occurred in the October 26, 2010 board meeting and which prompted Durel to remove them from their positions a second time. The minutes contain the testimony of State Representative Ricky Hardy (Hardy), who was present at the October 26, 2010 board meeting. The minutes indicate the following with respect to Hardy’s testimony regarding the executive session:
Hardy reiterated that a motion to go into Executive Session was made after Ms. Carmouche indicated that they needed to vote, but he could not recall a vote. The Commission indicated that they were going into Executive Session to discuss personnel matters but they did not say what personnel matters specifically.
Hardy further testified that Ms. Danielle Carmouche advised that a vote was needed to go back into regular session following the executive session although such vote never occurred.
The minutes of the March 1, 2011 Council meeting contain the testimony of Simmons who indicated that he made the motion to go into executive session although there was no formal vote. Freeman testified that there was no vote, and Dennis testified that he did not carry a vote to go into executive session. Simmons, |9Freeman, and Dennis also testified that no executive session was held on October 26, 2010. On the other hand, the testimonies of Simmons, Freeman, Dennis, and Hardy, and the minutes of the October 26, 2010 meeting indicate that everyone else in attendance at the meeting left the room for approximately fifteen to thirty minutes.
Despite Plaintiffs’ testimony that no executive session was held during the October 26, 2010 board meeting, the minutes reflect that the board went into executive session and that non-board members left the room for thirty minutes. This indi *649 cates to us that an executive session did take place. There is also evidence in the record that Plaintiffs failed to vote prior to going into executive session, thus violating La.R.S. 42:16. This procedural violation supports the Council’s and Durel’s removal of Plaintiffs as commissioners of the HACL for “neglect of duty” and “misconduct in office.”
Although there is also evidence contained in the record that Plaintiffs failed to vote on going back into open session after holding the executive session, La.R.S. 42:16 does not require a vote on going back into open session after holding the executive session. As such, we find that Plaintiffs have not violated La.R.S. 42:16 in this regard.
As to whether a violation occurred with respect to personnel issues, the minutes of the October 26, 2010 board meeting show that although personnel issues were listed as the third topic on the agenda for the October 26, 2010 meeting, such issues were not actually presented at the board meeting. Hardy testified that the commissioners indicated they were going into executive session to discuss personnel matters although they did not specify which personnel matters were to be discussed.
1 inThere is conflicting evidence contained in the record as to whether personnel issues were actually discussed at the board meeting. In accordance with La.R.S. 42:17, Plaintiffs, as commissioners of HACL, were required to give those persons who were to be discussed at the October 26, 2010 meeting twenty-four hours’ written notice prior to said meeting. There is no indication in the record showing that such notice was timely given. The foregoing also supports the Council’s affirmation of Durel’s removal of Plaintiffs as commissioners of the HACL for “neglect of duty” and “misconduct in office.”
A review of the record indicates that in Durel’s November 19, 2010 letter, Plaintiffs were being- removed in accordance with La.R.S. 40:537 for “neglect of duty” and “misconduct in office” arising out of their conduct in holding an executive session in violation of the Louisiana Open Meetings Law. On December 20, 2010, the District Attorney for the Parish of Lafayette filed suit against Plaintiffs for enforcement of the provisions of the Louisiana Open Meetings Law under La.R.S. 42:26 and 42:28.[3] This suit was dismissed on February 15, 2011. Plaintiffs argue that since the suit was dismissed, Durel should have been barred from seeking affirmation of their removal. Plaintiffs’ argument on this issue is without merit since it was Plaintiffs, not Durel, who requested a hearing with the Council set for March 2011. We note that La.R.S. 40:537(B) provides that á commissioner who has received notice of removal, i.e., Plaintiffs, and not the chief elected official, i.e., Du-rel, is responsible for requesting a hearing before the governing bo.dy regarding any removal notice. The record contains separate correspondence from Freeman, Dennis, and Simmons to Durel, dated |nNovember 29, 2010, wherein all state the following: “Therefore, I am requesting a hearing before the governing body as entitled under the Revised Statute noted [La. R.S. 40:537].” The foregoing indicates that it was Plaintiffs, and not Durel, who caused “the Lafayette City-Parish Council to conduct a hearing on March 1, 2011” *650 pursuant to their November 29, 2010 correspondence. Thus, Plaintiffs argument is without merit.
The first circuit’s decision in Bailey v. Department of Public Safety and Corrections, 05-2474 (La.App. 1 Cir. 12/6/06), 951 So.2d 284, is similar to the case at bar. In Bailey, the court affirmed the dismissal of a state trooper for “misconduct” following his off-duty arrest for driving while intoxicated (DWI), even though the trooper was acquitted of DWI charges in the district court. The evidence established that the trooper appeared intoxicated at the time of the arrest, was found to have a blood alcohol concentration level of almost twice the legal limit, made false statements to law enforcement officers, and attempted to use his status to avoid consequences of his illegal actions. Id. While this case was decided in the context of a civil service dispute, the same rationale applies in the instant case. We find Plaintiffs argument on this issue without merit.
In summary, we find that Plaintiffs violated La.R.S. 42:16 by failing to vote prior to going into executive session. We further find that Plaintiffs failed to timely give written notice as required by La.R.S. 42:17 to those persons who were to be the subject of personnel issues on the agenda of the October 26, 2010 board meeting. Additionally, we find Plaintiffs’ argument that, in accordance with La.R.S. 40:587, Durel was barred in his removal attempt because of the dismissal of the District Attorney’s action is without merit. Thus, we find that the trial court’s reinstatement of Plaintiffs as commissioners was not reasonable, and we reverse.

112Contempt

Defendants contend that the trial court erred in holding Durel in contempt and that the sanctions imposed on Durel are excessive and unwarranted under the circumstances. Plaintiffs contend the trial court was correct in holding Durel in contempt of court as Durel allegedly disobeyed the trial court’s October 27, 2010 judgment ordering their reinstatement as commissioners.
To find a person guilty of constructive contempt, it is necessary to find that he violated an order of court knowingly, intentionally, purposefully, and without justifiable excuse. Lang v. Asten, Inc., 05-1119 (La.1/13/06), 918 So.2d 453. Unless a litigant willfully disobeys a direct order of the court issued prior to the contempt rule, he should not be held in contempt, even if his acts tend to frustrate the opposing litigant. Hodges v. Hodges, 02-489 (La.App. 3 Cir. 10/2/02), 827 So.2d 1271, writ denied, 02-2485 (La.11/8/02), 828 So.2d 1122. Thus, we review the trial court’s October 27, 2010 judgment which provides in pertinent part:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Petitioners, John Freeman, Joseph Dennis and Leon Simmons, be, and they are hereby, reinstated as members of the Board of Commissioners of the Housing Authority of the City of Lafayette.
The foregoing judgment ordered the reinstatement of the Plaintiffs as commissioners of the HACL. Although the judgment was actually signed one day following the board meeting on October 27, 2010, the October 15, 2010 trial court minute entry indicates the trial court ordered that Plaintiffs were to be reinstated as commissioners “immediately.”[4] The record indicates *651 that the Plaintiffs were | isreinstated as commissioners of the HACL as evidenced by their participation in the October 26, 2010 board meeting.
Durel’s November 19, 2010 letter removing Plaintiffs as commissioners cites “neglect of duty” and “misconduct in office” based upon violations of the Louisiana Open Meetings Law. The record is clear that Durel did not willfully disobey a direct order of the court. His action fails to constitute contempt. Thus, we find that the trial court erred in issuing the contempt of court against Durel, and we reverse.

HUD’s Takeover of the HACL

Finally, Defendants contend that the trial court erred in its denial of their exception of failure to join HUD as an indispensable party. However, we will not review the issue as we hold that HUD’s takeover of the housing authority preempted any action of the trial court and rendered Plaintiffs’ claims for reinstatement moot.
The doctrine of federal preemption is rooted in the Supremacy Clause and activated by congressional intent. Fidelity Fed. Sav. & Loan Ass’n v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). Even where Congress has not entirely regulated a specific area, state law will be nullified to the extent it directly conflicts with federal law or hinders achievement of congressional objectives. Id. See also, Hetzel v. Bethlehem Steel Corp., 50 F.3d 360 (5th Cir.1995).
The area of public housing is extensively regulated by HUD. 42 U.S.C. 1434. These regulations include extensive provisions allowing HUD to assume control of local housing authorities who default on their agreements with HUD. 42 U.S.C. 1434(d).
In the present case, the record shows that HUD issued correspondence to Durel, Dennis, and the HACL on March 28, 2011, declaring substantial default. - HUD advised that it was taking possession and control of the HACL. The record 114further shows correspondence from HUD to the trial court dated October 26, 2011, which provided, in pertinent part:
HUD is in possession of the Housing Authority as a result of HUD’s March 28, 2011 Declaration of Substantial Default. ... Pursuant to federal law, HUD has appointed the Board of Commissioners of the Housing Authority. As such, it is HUD’s position that the HUD-appointed board is the only board with authority to act with respect to the Housing Authority until HUD relinquishes possession of the Housing Authority.
The foregoing is evidence that HUD had assumed control of the HACL prior to the trial court’s November 10, 2011 judgment reversing the March 1, 2011 decision by the Council affirming Durel’s removal of Plaintiffs.[5] In light of the letters contained in the record and the application of the doctrine of federal preemption, we conclude that the trial court was without the power to reinstate Plaintiffs as commis *652 sioners. Additionally, Plaintiffs’ claim for reinstatement under La.Code Civ.P. art. 927 became moot and failed to allege any viable cause of action given the intervening HUD takeover.[6]
DECREE
For the foregoing reasons, we reverse the trial court’s decision reinstating Plaintiffs as commissioners of the Housing Authority of the City of Lafayette. We further reverse the trial court’s judgment in favor of Plaintiffs declaring Defendant, Joey Durel, in contempt of court for Du-rel’s decision to remove Plaintiffs as commissioners of the Housing Authority of the City of Lafayette. We further reverse the trial court’s reinstatement of Plaintiffs and its finding Durel in | ^contempt of court as moot. Costs of this appeal are assessed to Plaintiffs/Appellees, John Freeman, Joseph Dennis, and Leon Simmons.
REVERSED.
COOKS, J., dissents and assigns written reasons.

. According to the record, of the seven commissioners, one resigned; two were dismissed, but did not challenge their dismissal; and another was not removed. Plaintiffs in the instant matter, Freeman, Dennis, and Simmons, challenged their removal.

. Louisiana Revised Statutes 42:16 provides:
A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:19, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:17; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section or R.S. 42:17 shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of this Chapter. (Emphasis added).

. Michael Harson, in his capacity as District Attorney, filed a "Petition for Enforcement of the Provisions of the Open Meetings Law” against Dennis, Freeman, and Simmons, which was filed with the Lafayette Parish Clerk of Court on December 20, 2010. The matter was assigned to Judge Arthur Planch-an! of the Fifteenth Judicial District Court, Docket Number 2010-8116.

. The minute entry, dated October 15, 2010, states, in pertinent part:
Accordingly, only for the reason that the action of Mr. Durel in removing certain commissioners and keeping certain others, notwithstanding the fact that all were serving as commissioners during the period of the subject audit, the court finds that such *651 action amounts to an arbitrary and capricious act and is hereby reversed, (see authority, supra). Therefore, Plaintiffs are hereby reinstated as commissioners of the Housing Authority board immediately.

. The Judgment signed by the trial court dated November 10, 2011, and based upon the October 31, 2011 hearing regarding the Petition for Appeal and Motion for Contempt filed by Plaintiffs states, in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Petition for Appeal filed by plaintiffs be and it is hereby GRANTED. The March 1, 2011 decision by the Lafayette City-Parish Council is reversed.

. See Baker v. Morehouse Parish Sch. Bd., 41,874, 41,875 (La.App. 2 Cir. 4/25/07), 956 So.2d 121 (taxpayer suit contesting school closing was rendered moot by federal court ruling approving closing and consolidation of schools).